# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRY LAMAR McCOY**                                                                 **PLAINTIFF**

**v.**                          **No: 4:21-cv-00560-LPR-PSH**

**S. BAKER**                                                                          **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Terry Lamar McCoy, a pre-trial detainee at the Dub Brassell Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 22, 2021 (Doc. No. 2). For the reasons stated herein, McCoy's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Pretrial detainees are presumed to be innocent. As such, they

have a conditional, constitutional right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

McCoy alleges that Lieutenant S. Baker, Sergeant Smith, and jail staff failed to do a proper intake when he was brought to the Dub Brassell Detention Center ("DBDC"), causing him to be detained with inmates charged with felonies. He alleges that Baker's failure to follow proper intake procedures also prevented him from being housed in a safe, clean, and healthy environment thereby violating his Fifth, Eight, and Fourteenth Amendment rights. Finally, McCoy claims that staff ignored his requests for a special diet prescribed by his personal physician. McCoy's claims cannot proceed for several reasons, as explained below.

First, as to McCoy's claim that an improper intake resulted in him being detained with inmates charged with felonies, the law is clear - there is no constitutional right to be housed with certain inmates. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Nash v. Black*, 791 F.2d 665, 668 (8th Cir. 1986). McCoy does not allege that he was housed with prisoners who were likely to harm him or who threatened him, or that his housing assignment placed him in any particular danger or caused him injury. McCoy alleges no facts to indicate his placement violated his constitutional rights and or constituted punishment.

Second, McCoy describes no facts to support his bare allegation that he has been housed in an unsafe, unclean, or unhealthy environment. These conclusory

allegations are not sufficient to state a claim for relief. *See Bell Atlantic Corporation v. Twombly, supra.*

Third, McCoy has not alleged facts sufficient to support a deliberate indifference claim regarding his diet. Prisoners have a right to adequate nutrition, and failure to provide it may constitute deliberate indifference that violates the Eighth Amendment.[1] *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). While an inmate is not generally entitled to receive a particular type of food, if the food provided is not nutritionally adequate, the Eighth Amendment may be implicated. *See Burgin v. Nix*, 899 F.2d 733 (8th Cir. 1990). *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). McCoy alleges that he needs to eat more vegetables to maintain his weight. He does not claim that he has been denied food, that the diet provided fails to provide sufficient calories, or that he has in fact lost weight or suffered other injury as a result of the jail's diet. For this reason, McCoy fails to state a deliberate indifference medical claim.

---

[1] Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care); *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016) (Court declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment).

## III. Conclusion

For the reasons stated herein, it is recommended that:

1. McCoy's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 27th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE